# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
DIANA C. GARAVITO-MONCADA,

        Plaintiff(s),

        -against-

HOMIAK TRANSPORT, INC. and
RAHEEM A. CAMP,

        Defendant(s).
-------------------------------------------------------------------X

# SUMMONS

Index No.:
Date of Purchased:

**QUEENS** County as the place of trial.

The basis of venue is
Plaintiff's Residence

County of **QUEENS**

## TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complain is not served with this summon, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Forest Hills, New York
      10th day of March, 2022

Yours, etc.

_____
CHERNY & PODOLSKY, PLLC
By: **STEVEN PODOLSKY, ESQ.**
Attorneys for Plaintiff
**DIANA C. GARAVITO-MONCADA**
104-70 Queens Boulevard, Suite 502
Forest Hills, NY 11375
Tel: (718) 263-6900

**DEFENDANTS ADDRESS:**
**HOMIAK TRANSPORT, INC.**, 3546 North Mill Road, Vineland, NJ 08360 – Via Secretary of State
**RAHEEM A. CAMP**, 1725 South Yewdall Street, Philadelphia, PA 19143 – Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
DIANA C. GARAVITO-MONCADA,

    Plaintiff(s),        Index No.:

 -against-

HOMIAK TRANSPORT, INC. and    **VERIFIED**
RAHEEM A. CAMP,         **COMPLAINT**

    Defendant(s).
-----------------------------------------------------------------X

Plaintiff appearing by and through her attorneys **CHERNY & PODOLSKY, PLLC**, sets forth and alleges as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF DIANA C. GARAVITO-MONCADA

1. That at all times hereinafter mentioned, Plaintiff **DIANA C. GARAVITO-MONCADA** was and still is a resident of the County of Queens, City and State of New York.

2. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, was and still is a domiciliary of the State of New York.

3. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, was and still is a domiciliary of the State of Pennsylvania.

4. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is domestic corporation that transacted business in New York on a regular, continuous and systematic basis.

5. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is foreign corporation that transacted business in New York on a regular, continuous and systematic basis.

6. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is domestic corporation that transacted business in New Jersey on a regular, continuous and systematic basis.

7. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is foreign corporation that transacted business in New Jersey on a regular, continuous and systematic basis.

8. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, committed the negligent acts complained of within the State of New York.

9. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, was the owner of realty within the State of New York.

10. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, was the owner of realty within the State of Pennsylvania.

11. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, was the owner or one of the owners of a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

12. That at all times hereinafter mentioned, Defendant **RAHEEM A. CAMP**, was the operator of a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

13. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

14. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K with the knowledge of the Defendant **HOMIAK TRANSPORT, INC.**

15. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K with the permission of the Defendant **HOMIAK TRANSPORT, INC.**

16. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K with the express consent of the Defendant **HOMIAK TRANSPORT, INC.**

17. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K with the implied consent of the Defendant **HOMIAK TRANSPORT, INC.**

18. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled and operated a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K at or near I.95 eastbound Cross Bronx Expressway 100 feet north of Clay Avenue, in the County of Bronx, City and State of New York.

19. That at all times herein mentioned, Defendant, **RAHEEM A. CAMP**, controlled a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K within the scope of his employment.

20. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is a business entity that transacted business in the State of New York on a regular, continuous and systematic basis.

21. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, its agents, servants, employees and assigns committed the negligent acts complained of within the State of New York.

22. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, conducted and carried on business in the State of New York.

23. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is a partnership doing business in the State of New York.

24. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is a limited liability partnership doing business in the State of New York.

25. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is a limited liability corporation doing business in the State of New York.

26. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is a sole proprietorship doing business in the State of New York.

27. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, transacted business in the State of New York.

28. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

29. That at all times hereinafter mentioned, Defendant **HOMIAK TRANSPORT, INC.**, expected or should reasonably have expected its acts to have consequences in the State of New York.

30. That at all times hereinafter mentioned, Defendant **HOMIAK TRANSPORT, INC.**, derived substantial revenue from interstate or international commerce.

31. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is the owner of realty within the State of New York.

32. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was and still is the owner of realty within the State of New Jersey.

33. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was the owner or one of the owners of a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

34. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was the lessor of a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

35. That at all times herein mentioned, Defendant **HOMIAK TRANSPORT, INC.**, was the lessee of a 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

36. That at all times herein mentioned, Defendant, **HOMIAK TRANSPORT, INC.**, controlled the aforesaid 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

37. That at all times herein mentioned, Defendant, **HOMIAK TRANSPORT, INC.**, managed the aforesaid 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

38. That at all times herein mentioned, Defendant, **HOMIAK TRANSPORT, INC.**, maintained the aforesaid 2016 Kenworth tractor truck bearing a New Jersey State license plate number AS954K.

39. That at all times hereinafter mentioned, Plaintiff **DIANA C. GARAVITO-MONCADA** was an operator of a 2002 Toyota motor vehicle bearing a New York State license plate number KJY5958.

40. That at or near I.95 eastbound Cross Bronx Expressway 100 feet north of Clay Avenue, in the County of Bronx, State of New York, were and still are public roadways, streets, highways and/or thoroughfares used extensively by the public in general.

41. That on the 8th day of April, 2021, the Defendants' tractor truck hit and struck Plaintiff's vehicle causing Plaintiff to suffer serious personal injuries hereinafter alleged.

42. That the contact occurred as a result of the negligent and careless conduct of the Defendants in the ownership, operation, maintenance, management and control of their tractor truck, causing personal injuries hereinafter alleged.

43. That the said injuries sustained by the Plaintiff were caused solely by the negligence of the Defendants and without any negligence on the part of the Plaintiff.

44. Plaintiff, **DIANA C. GARAVITO-MONCADA**, was injured.

45. Plaintiff, **DIANA C. GARAVITO-MONCADA**, was seriously injured.

46. Plaintiff, **DIANA C. GARAVITO-MONCADA**, has sustained a serious injury as defined by Article 51 of the Insurance Law, or economic loss greater than basic economic loss as defined by Article 52 of the Insurance law.

47. This action falls within one or more of the exceptions set forth in CPLR 1602.

## AS AND FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF DIANA C. GARAVITO-MONCADA

48. On April 8, 2021, Plaintiff **DIANA C. GARAVITO-MONCADA**, owned the aforesaid 2002 Toyota motor vehicle bearing a New York State license plate number KJY5958.

49. As a result of the aforementioned occurrence, Plaintiff **DIANA C. GARAVITO-MONCADA**, sustained severe property damage to her motor vehicle.

50.     The aforesaid occurrence and resulting damage to the Plaintiff's motor vehicle were due solely to the carelessness, recklessness and negligence of the Defendant **RAHEEM A. CAMP and HOMIAK TRANSPORT, INC.**, in ownership, operation, management, inspection, maintenance, supervision, repair and control of the above mentioned tractor truck.

51.     As a result, plaintiff **DIANA C. GARAVITO-MONCADA**, has been damaged in an amount to be determined at trail.

**WHEREFORE**, Plaintiff seeks judgment against the Defendants and each of them on the First Cause of the Action in amount greater than jurisdictional limits of all lower courts; in the Second Cause of Action in amount greater than jurisdictional limits of all lower courts together with interests, costs and disbursements of this action.

Dated: Forest Hills, New York
      10th day of March, 2022

Yours, etc.

**CHERNY & PODOLSKY, PLLC**
By: **STEVEN PODOLSKY, ESQ.**
Attorneys for Plaintiff
**DIANA C. GARAVITO-MONCADA**
104-70 Queens Boulevard, Suite 502
Forest Hills, NY 11375
Tel: (718) 263-6900

## *INDIVIDUAL VERIFICATION*

STATE OF NEW YORK  )
                   ) .SS:
COUNTY OF QUEENS   )

**DIANA C. GARAVITO-MONCADA**, duly sworn deposes and says:

Deponent is the Plaintiff in the within action.

Deponent has read the foregoing **COMPLAINT** and knows the contents thereof.

The same is true to deponent knowledge except as matters therein stated to be alleged and that as to those matters, Deponent believes them to be true.

_____
Plaintiff: **DIANA C. GARAVITO-MONCADA**

Sworn to before me on
this 10th day of March, 2022

_____
NOTARY PUBLIC

YARICELT ALMONTE
Notary Public - State of New York
No. 01AL6406495
Qualified in Queens County
My Commission Expires March 30, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

DIANA C. GARAVITO-MONCADA,

    Plaintiff(s),

-against-

HOMIAK TRANSPORT, INC. and RAHEEM A. CAMP,

    Defendant(s).

## SUMMONS and VERIFIED COMPLAINT

**CHERNY & PODOLSKY, PLLC**
**By: STEVEN PODOLSKY, ESQ.**
Attorneys for Plaintiff
**DIANA C. GARAVITO-MONCADA**
104-70 Queens Boulevard, Suite 502
Forest Hills, NY 11375
Tel: (718) 263-6900